LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

VICTOR CAMPOS,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class*,

|  |  |
|---|---|
| Plaintiff, | Case No.: 18 CV 12359 |
| v. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| LENMAR RESTAURANT INC. d/b/a PIETRO'S and WILLIAM BRUCKMAN, | Jury Trial Demanded |
| Defendants. | |

---

Plaintiff, VICTOR CAMPOS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, LENMAR RESTAURANT INC. d/b/a PIETRO'S ("Corporate Defendant") and WILLIAM BRUCKMAN ("Individual Defendant," and together with Corporate Defendant, "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving policies and practices, (2) unpaid minimum

wage due to invalid tip credit deductions, (3) liquidated damages, and (4) attorneys' fees and costs.

2.     Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving policies and practices, (2) unpaid spread of hours premium, (3) unpaid minimum wage due to invalid tip credit, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

<u>**JURISDICTION AND VENUE**</u>

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

<u>**PARTIES**</u>

5.     Plaintiff VICTOR CAMPOS is a resident of Queens County, New York.

6.     Defendants operate an Italian restaurant under the trade name "Pietro's" located at 232 East 43rd Street, New York, NY 10017.

7.     Corporate Defendant LENMAR RESTAURANT INC. d/b/a PIETRO'S is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 232 East 43rd Street, New York, NY 10017 and an address for service of process located at c/o Paul Landsman, Attorney at Law, 60 East 42nd Street, New York, NY 10165. Defendants operate Pietro's restaurant through LENMAR RESTAURANT INC.

8.      (i) Individual Defendant WILLIAM BRUCKMAN is an owner of Pietro's restaurant and a senior executive officer of Corporate Defendant. Individual Defendant has operational control of Pietro's. Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members at Pietro's. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

(ii) Individual Defendant WILLIAM BRUCKMAN additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members. Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and direct employees to effectively complete their job duties so that Pietro's restaurant is operating efficiently and profitably.

9.      At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff brings claims for relief as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including, but not limited to,

cooks, line-cooks, food preparers, dishwashers, porters, waiters, runners, bussers and bartenders) employed by Defendants at "Pietro's" on or after the date that is six (6) years prior to the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiff and FLSA Collective Plaintiffs claim that Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay wages for all hours worked due to time shaving. In addition, Defendants willfully violated the rights of employees by failing to pay the lawful minimum wage due to invalid tip credit deductions. Defendants were not entitled to claim tip credit allowance from tipped employees under the FLSA, because they failed to properly provide notice to tipped employees that Defendants were taking a tip credit and failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS – NEW YORK LABOR LAW

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to, cooks, line-cooks, food preparers, dishwashers, porters, waiters, runners, bussers and bartenders) employed by Defendants at "Pietro's" on or after the date that is six (6) years prior to the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

15.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees (the "Tipped Subclass") who also number more than forty (40).

17.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages for all hours worked due to time-shaving policies and practices, (ii) failing to pay spread-of-hours premium workdays

exceeding ten (10) hours, (iii) failing to provide proper wage and hour notice, and (vi) failing to provide proper wage statements, in violation of the NYLL. With regard to the Tipped Subclass, Defendants failed to pay them the lawful minimum wage. Defendants were not entitled to claim tip credit allowance under the NYLL, because they failed to properly provide notice to tipped employees that Defendants were taking a tip credit and failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class

Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and Class Members within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

d) Whether Defendants paid Plaintiff and Class Members for all hours worked given Defendants' policy of time shaving;

e) Whether Defendants failed to pay Plaintiff and Class Members the spread-of-hours premium for workdays that exceeded ten (10) hours;

f) Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL;

g) Whether Defendants provided proper wage and hour notices to Plaintiffs and Class Members per requirements of the NYLL;

h) Whether Defendants paid Plaintiff and Tipped Subclass members the proper minimum wage under the NYLL;

i) Whether Defendants provided proper notice to Plaintiff and Tipped Subclass members that Defendants were taking a tip credit;

j) Whether Defendants provided proper wage statements informing Plaintiff and Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

k) Whether Defendants took the proper amount of tip credit allowance from Plaintiff and Tipped Subclass members under the NYLL; and

l)   Whether Defendants kept daily records of tips earned by Plaintiff and Tipped
     Subclass members.

## STATEMENT OF FACTS

22.   From in or about April 2017 until in or about October 2018, Plaintiff VICTOR
CAMPOS was employed by Defendants to work as a busser at Pietro's located at 232 East 43rd
Street, New York, NY 10017.

23.   Throughout his employment with Defendants, Plaintiff VICTOR CAMPOS
regularly worked six (6) days per week as follows: (i) eleven-and-one-half (11½) hours per day,
from 9:30 a.m. to 9:30 p.m. with a thirty (30) minute meal break, for five (5) days per week, and
(ii) six (6) hours per day, from 3:00 p.m. to 9:30 p.m. with a thirty (30) minute meal break, for
one (1) day per week. Based on Plaintiff's observations and conversations with co-workers, all
non-exempt employees at Pietro's worked similar hours that regularly exceeded forty (40) hours
per workweek and regularly exceeded ten (10) hours per day.

24.   From the beginning of his employment until in or about December 2017, Plaintiff
VICTOR CAMPOS was paid at a base hourly rate of $7.50. From in or about January 2018 until
the end of his employment with Defendants, Plaintiff was paid at a base hourly rate of $8.75.
Based on Plaintiff's observations and conversations with other employees, all non-exempt
employees at Pietro's were similarly paid at hourly rates. All tipped employees at Pietro's were
similarly paid at hourly rates that were less than the full statutory minimum wage rate.

25.   Throughout his employment with Defendants, Plaintiff VICTOR CAMPOS was
not paid for all of his hours worked due to Defendants' time-shaving policies and practices.
Specifically, Plaintiff was paid wages for only thirty-six (36) to forty-six (46) hours of wages
each week, despite regularly working more than sixty (60) hours per week. Consistently, the

work hours reflected on Plaintiff's wage statements were significantly less than his actual number of hours worked, and were always a rounded whole number, like 36.00 or 40.00, which was unrealistic and untrue.

26.     Although Plaintiff VICTOR CAMPOS was regularly required to start work at 9:30 a.m. on five (5) days each week, the restaurant owner, Mr. William Bruckman, told him that he will not start getting paid for his work until 10:00 a.m. As a result, Plaintiff was not paid for such hours worked at the beginning of his shift each workday.

27.     Throughout his employment with Defendants, Defendants automatically deducted one (1) hour from Plaintiff VICTOR CAMPOS's daily hours worked based on purported meal breaks. However, Plaintiff was not able to take the full one (1) hour meal break and was regularly required to work after only thirty (30) minutes of break time. Defendants did not utilize a punch-clock machine to track their employees' work and break times. Instead, Defendants indiscriminately and automatically deducted one (1) hour from Plaintiff's hours worked on each workday, even though Plaintiff's meal breaks only lasted about thirty (30) minutes each day. As a result, Plaintiff was not compensated for all hours worked every week.

28.     Throughout his employment with Defendants, the workdays of Plaintiff VICTOR CAMPOS regularly exceeded ten (10) hours per day on five (5) days each week. However, Plaintiff was never paid the spread-of-hours premium for such workdays.

29.     Throughout his employment with Defendants, Plaintiff VICTOR CAMPOS did not receive proper wage notices or wage statements from Defendants. Plaintiff's wage statements did not accurately reflect his number of hours worked.

30.     Throughout his employment with Defendants, Plaintiff VICTOR CAMPOS regularly observed and spoke to his co-workers about their work and pay at Pietro's. Based on

Plaintiff's observations and conversations with co-workers, Plaintiff and other non-exempt employees at Pietro's engaged in similar non-managerial job duties, were subject to the same wage and hour policies, and received similar wage statements.

31.     Based on Plaintiff's observations and conversations with co-workers, other non-exempt employees at Pietro's similarly suffered from Defendants' common time-shaving policies and practices that failed to pay them the full and proper amount of wages for all hours worked, in violation of the FLSA and NYLL.

32.     Specifically, the employees at Pietro's were not able to take a full one (1) hour meal breaks and were required to work through such breaks on a regular basis. Nonetheless, Defendants automatically and indiscriminately deducted one (1) hour daily meal break from employees' compensable work time, instead of tracking actual break times. By doing so, Defendants categorically reduced their employees' compensable hours every week. As a result of Defendants' improper meal time deduction, Plaintiff, FLSA Collective Plaintiffs and Class Members were not paid compensation for all hours worked to which they are entitled.

33.     In addition to the improper meal time deductions, Defendants had a restaurant-wide time-shaving practice that purposefully did not pay their employees for their full, actual number hours worked every week. The wage statements that the employees received showed significantly reduced and rounded whole numbers of hours worked, and the employees were paid considerably less than their actual hours worked each week.

34.     Based on Plaintiff's observations and conversations with co-workers, other non-exempt employees at Pietro's similarly suffered from Defendants' common wage policy that failed to pay them a spread-of-hours premium for workdays exceeding ten (10) hours, in violation of the NYLL. Although the employees' workdays at Pietro's regularly exceeded ten

(10) hours per day, Defendants did not pay them the required spread-of-hours premium for such workdays.

35.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class Members regular and overtime wages for all hours worked due to Defendants' time-shaving policies and practices.

36.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and Class Members the spread of hours premium to which they were entitled under the NYLL.

37.    At all relevant times, Defendants knowingly and willfully paid Plaintiff, tipped FLSA Collective Plaintiffs and Tipped Subclass members at hourly rates below the prevailing minimum wage. Defendants were not entitled to claim tip credit deduction because they failed to satisfy the statutory requirements under the FLSA and NYLL.

38.    Plaintiff, tipped FLSA Collective Plaintiffs and Tipped Subclass members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff, tipped FLSA Collective Plaintiffs and Tipped Subclass members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff, tipped FLSA Collective Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period.

39.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members, in violation of the NYLL.

40.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members, in violation of the NYLL, as

the wage statements did not accurately reflect the number of hours worked by the employee due to Defendants' time-shaving and invalid deductions.

41.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

42.     Plaintiff realleges and reavers Paragraphs 1 through 41 of this Class and Collective Action Complaint as if fully set forth herein.

43.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

44.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

45.     At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

46.     At all relevant times, Defendants willfully engaged in a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time shaving.

47.     At all relevant times, Defendants willfully engaged in a policy and practice of failing to pay the minimum wage in the lawful amount to Plaintiff and FLSA Collective

Plaintiffs. Defendants were not entitled to claim tip credit allowance because they failed to satisfy the statutory requirements under the FLSA.

48.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

49.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs the full and proper minimum and overtime wages when Defendants knew or should have known such was due.

50.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

51.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum and overtime wages, plus an equal amount as liquidated damages.

52.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

54.     Plaintiff realleges and reavers Paragraphs 1 through 53 of this Class and Collective Action Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

56.     At all relevant times, Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay wages for all hours worked due to a policy of time shaving.

57.     At all relevant times, Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay them the spread-of-hours premium for workdays exceeding ten (10) hours as required under the NYLL.

58.     At all relevant times, Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay the minimum wage in the lawful amount for hours worked. Defendants were not entitled to claim tip credit allowance because they failed to satisfy the statutory requirements under the NYLL.

59.     Defendants failed to provide proper wage and hour notices to Plaintiff and Class Members, as required by New York Labor Law § 195.

60.     Defendants failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by New York Labor Law § 195.

61.     Due to Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid regular and overtime wages due to time shaving, unpaid minimum wage, unpaid spread-of-hours premium, reasonable attorneys' fees,

liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid regular and overtime compensation caused by time shaving under the FLSA and NYLL;

d. An award of unpaid minimum wage due under the FLSA and NYLL;

e. An award of unpaid spread-of-hours premium due under the NYLL;

f. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g. An award of liquidated damages as a result of Defendants' willful failure to the full and proper wages pursuant to the FLSA and/or NYLL;

h. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

i. Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

b. Designation of this action as a class action pursuant to F.R.C.P. 23;

    c.   Designation of Plaintiff as a Representative of the Class; and

    d.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:    December 31, 2018            Respectfully submitted,

                              By:     */s/ C.K. Lee*
                                      C.K. Lee, Esq.

                                      LEE LITIGATION GROUP, PLLC
                                      C.K. Lee (CL 4086)
                                      Anne Seelig (AS 3976)
                                      30 East 39th Street, Second Floor
                                      New York, NY 10016
                                      Tel.: (212) 465-1188
                                      Fax: (212) 465-1181

                                      *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*