UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR CAMPOS, on behalf of himself,
FLSA Collective Plaintiffs and the Class,

CASE NO.: 18 CV 12359

                Plaintiff,

  -against-

LENMAR RESTAURANT INC. d/b/a PIETRO'S
and WILLIAM BRUCKMAN,

                Defendants.

---

# MEMORANDUM OF LAW IN OPPOSITION

                          ECKERT SEAMANS CHERIN & MELLOTT, LLC

                          Timothy P. Coon, Esq.
                          10 Bank Street, Suite 700
                          White Plains, NY  10606
                          Telephone No.: (914) 286-6438
                          *Attorneys for Defendants*

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
| ARGUMENT | 3 |
|    1. The Prospective Collective Class Members Are Not Similarly Situated | 3 |
|    2. Campos Is Not An Appropriate Class Representative | 5 |
|    3. Objections To The Proposed Notice | 6 |
| CONCLUSION | 6 |

## **TABLE OF AUTHORITIES**

PAGE

*Doucoure v. Matlyn Food, Inc.*, 554 F.Supp2d 369 (E.D.N.Y. 2008) ........................................... 4

*Myers v. Hertz Corp.*, 642 F.3d 537 (2d. Cir. 2010) ..................................................................... 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR CAMPOS, on behalf of himself,
FLSA Collective Plaintiffs and the Class,

CASE NO.: 18 CV 12359

Plaintiff,

-against-

LENMAR RESTAURANT INC. d/b/a PIETRO'S
and WILLIAM BRUCKMAN,

Defendants.

---

# MEMORANDUM OF LAW IN OPPOSITION

## PRELIMINARY STATEMENT

Defendant respectfully submits that the Court should deny Plaintiff's motion for certification of a collective action as (i) the prospective class members as defined by Plaintiff are not similarly situated to Plaintiff; (ii) the named Plaintiff is not an appropriate class representative; and (iii)

## STATEMENT OF FACTS

Defendant Lemar Restaurant, Inc. d/b/a Pietro's (hereinafter "Pietro's") is a single location establishment, family owned business that has been in operation for over 90 years. Defendant William Bruckman is the owner of Pietro's. Plaintiff Victor Campos (hereinafter "Campos") was employed as a busser at Pietro's from April 2017 until November 2018 when he was terminated due to a physical altercation with another employee.

During all relevant times Pietro's has operated on the following schedule:

| | |
|---|---|
| Mon-Fri | Noon to 10 p.m. |
| Sat | 5 p.m. to 10 p.m. |

Sundays                          Closed

During the summer months, Pietro's is closed both Saturdays and Sundays.

Employees of Pietro's fall into two categories, Kitchen staff and customer facing staff. The customer facing employees include waiters, bussers and bartenders. The Kitchen staff consists of chefs, food preparers and dishwashers. Campos, as a busser, was part of the customer facing staff. There are obvious differences in job duties and responsibilities between Kitchen staff and customer facing staff. Most importantly, the customer facing staff earn tips from customers for their work. The customer facing staff received notice of tip credit taken when computing their pay. The tip notice does not apply to the Kitchen staff.

The customer facing staff work at times that are unique and different from the Kitchen staff. The waiters and bussers hours are as follows:

Monday thru Friday

10:00 a.m start: 2 waiters and 1 busser report for work at 10:00 a.m. to set up the restaurant for a noon opening. This task takes approximately 50 minutes.

11:00 a.m. - noon: The waiters and bussers that will be working when the restaurant opens for business at noon are offered a meal at Pietro's.

12 noon – 2:30 p.m.: Pietro's is opened for lunch. An additional two waiters and one busser report at noon. These employees can come to Pietro's before noon and receive the meal being offered.

4:30 p.m.: Pietro's offers a dinner meal to all waiters and bussers working during the dinner hours.

5 p.m. – 10 p.m.: Pietro's is open for dinner. Three additional waiters and one busser come in at 5 p.m. for the dinner shift. The total customer facing staff for dinner is 7 waiters and 3

bussers. All are entitled to eat the dinner meal offer by Pietro's at 4:30 p.m. The staff that reports at 10:00 a.m. can leave as the customer demands reduce, generally around 8 p.m. Then those that come in at noon can leave with further reduced demand. Only those waiters and the busser who come in at 5 p.m. normally work until closing.

Saturdays: On Saturdays 7 waiters and 3 bussers are on duty from 5 p.m. until 10 p.m. They are free to arrive at 4:30 p.m. for a dinner meal.

The bartenders at Pietro's begin work at 3 p.m. and work until closing at 10 p.m. Only one bartender is on duty at any time. The waiters perform bartender tasks during lunchtime.

The Kitchen staff work on two shifts. There are different Kitchen staff for lunch and dinner servings. The Kitchen staff generally work eight hour shifts and are paid their salary without any tip credit.

Beginning on November 2017 each customer facing staff employed at Pietro's was given the appropriate wage notice with tip credit. Thereafter whenever there was a new hire, that new employee would be given the wage notice with tip credit. Victor Campos, contrary to his assertion in his Declaration (Par. 12, P.4) was provided with this Notice and tip credit (See Ex. A to Bruckman Affidavit)

## ARGUMENT

1. <u>The Prospective Collective Class Members Are Not Similarly Situated.</u>

Plaintiff seeks a collective class action for claims of (i) failure to pay regular and overtime wages due to time shaving; (ii) failure to pay minimum wage due to invalid tip credit; (iii) failure to pay spread of hours; (iv) failure to provide proper wage notices; and (v) failure to provide proper wage statements.

Defendants respectfully submits that the prospective class members as contended by Campos are not similarly situated. Recognizing that Plaintiff's burden is minimal at the notice stage, the burden remains to demonstrate that the named Plaintiff and potential Plaintiffs together were victims of a common policy or plan that violated the law. *Doucoure v. Matlyn Food, Inc.*, 554 F.Supp2d 369 (E.D.N.Y. 2008) Although there need be only a modest factual presentation a plaintiff cannot meet this standard with only unsupported allegations. *Myers v. Hertz Corp.*, 642 F.3d 537 (2d. Cir. 2010)

In this case, Plaintiff seeks to have all non-managerial employees designated as potential class member without any support for such inclusion. Campos was a busser while employed at Pietro's. As such he was part of the customer facing staff together with waiters and bartenders. The means of compensation between customer facing staff and kitchen staff (which combined equal all non-managerial employees) are distinct and unique to each category. Kitchen staff receive no tips, no tip credit is taken against their earnings. The schedule for hours worked is different in that there are two shifts for kitchen staff unique to the lunch and dinner times, while the customer facing staff have overlapping shifts. As is obvious the job duties and responsibilities are distinct from one another. These distinctions find evidentiary support in the affidavits presented herein.

Defendants contends that based on the facts set forth Plaintiff Camos is not similarly situated with Kitchen staff with respect to any claim of invalid tip credit and failure to pay spread of hours. Additionally any claim with respect to wage notices and wage statements based upon such claims further evidence a failure to designate a similarly situated prospective class.

Similarly, the attempt to designate the bartenders must fail due to absence of similarly situated conditions of employment. Bartenders work individually and work from 3 until 10. Only

working 7 hour shifts the bartender classification can assert no claim under failure to pay spread of hours. Like all other customer facing staff the bartenders in November 2017 received the wage notice with tip credit compliant with New York statute. The bartenders, as with the Kitchen staff, claim of failure to provide wage notice and wage statements founded upon the failure to pay spread of hours and tip credit must fail.

Here the putative class members did not perform similar tasks, rather the tasks are markedly different and obvious by the mere earning of tips versus no tipping. As such Plaintiff's application to collective class action to include all non-managerial employees must be denied.

2.      Campos Is Not An Appropriate Class Representative

Campos seeks to become the representative member of those employees who is similarly situated. The designation is inappropriate and may not be in the best interest of either putative class members.

Campos' affidavit demonstrates his lack of understanding of the distinctions between various positions within Pietro's. His statement that he spent time "assisting the barista" when there was no position of barista at Pietro's is false. He claims to have "never received proper wage and hour notices as required" as demonstratively false. The wage and hour notice, in the form approved and disseminated by New York State Department of law is attached as Ex. A to Bruckman affidavit. The same is true with respect to the Notice of tip credit deduction.

A proper class representation must recognize and understand the basis of co-employees who may be similarly situated and making of false statements immediately disqualifying one from such a position.

3.  <u>Objections to the Proposed Notice.</u>

In the event that the Court permits Plaintiff to proceed with the Notice of Collective Action, Defendants object to the proposed Notice as follows:

    A.    Defendants object to the inclusion of cooks, in-line cooks, food preparers, dishwashers, porters and all other non-customer facing staff. Defendants asserts that the notice must be restricted to waiters and bussers for the reasons set forth above.

    B.    Defendants object to the continuation of time employed beyond November 2017 when Pietro's provided all their current employees with the proper wage statements and notice of tip credit and employees who began after November 2017 have been provided such notice.

## CONCLUSION

Defendants respectfully submit that Plaintiff has failed to meet his burden to establish that his definition of putative class members does not represent employees who are similarly situated and their certification of the collective action must be denied.

Defendants further assert that Campos is not an appropriate class representative and that the proposed notice as presented should not be authorized.

Dated: September 27, 2019
       White Plains, NY

                              Respectfully submitted,

                              ECKERT SEAMANS CHERIN & MELLOTT, LLC

                              By: _____
                              Timothy P. Cook
                              10 Bank Street, Suite 700
                              White Plains, NY 10606
                              Attorneys for Defendants

## CERTIFICATION OF SERVICE

I, Laverne Michael-Dean, of full age, hereby certifies:

I am employed with Eckert Seamans Cherin & Mellott, LLC. I certify that copies of **MEMORANDUM OF LAW IN OPPOSITION** were electronically filed and served to the attorneys named herein below on the date listed below:

> LEE LITIGATION GROUP, PLLC
> C.K. Lee, Esq. (CL-4086)
> 148 West 24th Street, 8th Floor
> New York, NY 10011
> *Attorneys for Plaintiff, FLSA Collective Plaintiffs And the Class*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*[signature]*
Laverne Michael-Dean

Dated: September 27, 2019